RUSS, AUGUST & KABAT
Marc A. Fenster, State Bar No. 181067
Email: mafenster@raklaw.com
Jacob R. Buczko, State Bar No. 269408
Email: jbuczko@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
Rapid Funk, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPID FUNK, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC., DNA RESPONSE, INC., JAY FRANCO & SONS, INC., JAY@PLAY INTERNATIONAL HK LTD, SPIRAL TOYS, INC., TOYS "R" US, INC. and WAL-MART STORES INC.<br><br>　　　　　Defendants. | Case No. 2:15-cv-06449<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

150824 Rapid Funk Complaint Final.docx

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Plaintiff Rapid Funk, LLC ("Rapid Funk" or "Plaintiff") makes the following allegations against Defendants Amazon.com, Inc. ("Amazon"), DNA Response, Inc. ("DNA Response"), Jay Franco & Sons, Inc. ("Jay Franco & Sons"), Jay@Play International HK, Ltd. ("Jay@Play"), Spiral Toys, Inc. ("Spiral Toys"), Toys "R" Us, Inc. ("Toys R Us") and Wal-Mart Stores Inc. ("Walmart") (collectively, "Defendants").

**I.    PARTIES**

1.    Plaintiff Rapid Funk, LLC is Nevada Limited Liability Company, having a business address at P.O. Box 1598, Carson City, NV 89702.

2.    On information and belief, Defendant Amazon.com, Inc. is a Delaware corporation having a principal place of business at 410 Terry Avenue North, Seattle, WA 98109.

3.    On information and belief, Defendant DNA Response, Inc. is a Washington corporation having a principal place of business at 211 First Avenue South, Suite 205, Seattle, WA 98104.

4.    On information and belief, Defendant Jay Franco & Sons, Inc. is a New York corporation having a principal place of business at 295 Fifth Avenue, 3rd Floor, New York, NY 10016.

5.    On information and belief, Defendant Jay@Play International HK, Ltd. is a subsidiary of defendant Jay Franco & Sons.

6.    On information and belief, Defendant Spiral Toys, Inc. is a Nevada corporation with its principal place of business at 29130 Medea Lane, No. 1207, Agoura Hills, CA 91301.

7.    On information and belief, Defendant Toys "R" Us, Inc., is a Delaware corporation having a principal place of business at One Geoffrey Way, Wayne, NJ, 07470.

8. On information and belief, Defendant Wal-Mart Stores Inc. is a Delaware corporation with its principal place of business at 702 Southwest 8th Street, Bentonville, AK 72716.

## II. JURISDICTION AND VENUE

9. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10. On information and belief, Defendants are each subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due to each having availed itself of the rights and benefits of California by engaging in activities, including: (i) conducting substantial business in this forum; and (ii) engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this Judicial District.

11. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, each Defendant has engaged in activities including: transacting business in this district and purposefully directing business activities, including the sale of infringing goods, to this district.

12. The Defendants are properly joined in this lawsuit, under 35 U.S.C. § 299, because they have each engaged in acts of infringement with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing in the United States, offering for sale, or selling of the same accused product and questions of fact common to all Defendants will arise in this action.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,942,637

13. Plaintiff realleges and incorporates by reference paragraphs 1-12 above, as if fully set forth herein.

14. Plaintiff is the owner and assignee of United States Patent No. 8,942,637 ("the '637 patent") titled "Comfort Device, System and Method with Electronic Message Display," attached hereto as Exhibit A. The '637 patent was duly and legally issued by the United States Patent and Trademark Office on January 27, 2015. Plaintiff is the owner and assignee, possessing all substantial rights, to the '637 patent.

15. Each Defendant has infringed and continues to infringe, directly and indirectly, the '637 patent by, among other things, making, using, offering for sale, selling and/or importing unlicensed systems and/or products, covered by one or more claims of the '637 patent. Such unlicensed products include, by way of example and without limitation, comfort devices imported, offered for sale and/or sold in this country by each Defendant, including without limitation the "CloudPets" line of comfort devices, which is covered by one or more claims of the '637 patent, including but not limited to claim 1. By making, using, offering for sale, selling, and/or importing such systems and products, covered by one or more claims of the '637 patent, each Defendant has injured Plaintiff and each Defendant is liable to Plaintiff for infringement of the '637 patent pursuant to 35 U.S.C. § 271.

16. The "CloudPets" comfort devices, which are made, used, offered for sale, sold and/or imported by each Defendant, infringes at least claim 1 of the '637 patent because "CloudPets" includes a message playing system comprising a comfort device having a soft body and configured to be held or hugged to provide comfort to a device user; an electronic circuit disposed within the body of the comfort device, the electronic circuit including a wireless communication circuit for receiving wireless electronic message communications; a display device connected to the electronic circuit for displaying one or more messages associated with wireless electronic message communications received by the wireless communication circuit; and a further display device connected to the electronic

circuit and controlled by the electronic circuit to display an indication that a message is available to be played, wherein the further display device that displays an indication that a message is available to be played is separate from the display device that displays the one or more messages received.

17. Spiral Toys was placed on notice of its infringement of the '637 Patent no later than July 16, 2015 as a result of a letter from the inventor of the '637 patent, Sean Roach, undersigned by Mr. Roach's attorney, to Mr. Mark Meyers, CEO of Spiral Toys, specifically identifying the '637 patent and Spiral Toys' "CloudPets" products.

18. Spiral Toys undertook its actions of, *inter alia*, making, using, offering for sale, selling and/or importing unlicensed systems and products despite an objectively high likelihood that such activities infringed the '637 patent, which has been duly issued by the United States Patent and Trademark Office, and is presumed valid. Since at least the time of the written communications from Mr. Roach in July 2015, Spiral Toys has been aware of an objectively high likelihood that its actions constituted, and continue to constitute, infringement of the '637 patent and that the '637 patent is valid. Despite that knowledge, on information and belief, Spiral Toys has continued its infringing activities. As such, Spiral Toys willfully infringed the '637 patent.

19. Spiral Toys, Jay@Play and Jay Franco & Sons also each actively induce infringement of the '637 patent, under 35 U.S.C. § 271(b), by instructing users to perform at least the infringing act of using the CloudPets comfort device through offering the "CloudPets App." To the extent the "CloudPets App" may be an element that infringes a claim of the '637 patent, each Defendant contributes to the infringement of such claim, under 35 U.S.C. § 271(c) by offering to sell or selling the CloudPets product and/or CloudPets App, which is a component of a patented machine, manufacture, combination or composition. Each Defendant has knowledge of the '637 patent and knowledge of infringement since, at the latest,

the date of this complaint. Spiral Toys had knowledge of the '637 patent and knowledge of infringement since, at the latest, July 16, 2015,

20. The inventor Mr. Roach has and continues to undertake attempts to commercialize products relating to and/or embodying the '637 patent. Mr. Roach has designed a prototype through a major design and manufacturing company, and is currently sourcing and marketing in this country a product relating to and/or embodying one or more claim of the '637 patent. Each Defendant's infringement thus has and continues to irreparably harm and injure Mr. Roach and Plaintiff.

21. As a result of each Defendant's infringement of the '637 patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for each Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by each Defendant, enhancement of damages due to Spiral Toys' willful infringement, and interest and costs as fixed by the Court.

22. Plaintiff is also entitled to injunctive relief under 35 U.S.C. § 283, including a permanent injunction against each Defendant.

## III.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that each Defendant has infringed, either literally and/or under the doctrine of equivalents, the '637 patent;

2. A judgment in favor of Plaintiff that each Defendant has indirectly infringed, either by contributing to infringement and/or inducing infringement, the '637 patent;

3. A judgment in favor of Plaintiff that Spiral Toys has willfully infringed the '637 patent;

4. A judgment and order requiring each Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest as

provided under 35 U.S.C. § 284 for each Defendant's infringement of the '637 patent;

5. A judgment and order against Spiral Toys for treble damages pursuant to 35 U.S.C. § 284;

6. A judgment and order that this case is exceptional and requiring Defendants to pay Plaintiff reasonable experts' fees and attorneys' fees pursuant to 35 U.S.C. § 285;

7. An order permanently enjoining each Defendant from infringing, directly or indirectly, the '637 patent, including through making, selling, offering for sale and/or importing "CloudPets" products; and

8. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## IV.   DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of any issues so triable.


DATED:  August 24, 2015              RUSS, AUGUST & KABAT
                                     Marc A. Fenster
                                     Jacob R. Buczko


                                     By:  /s Marc A. Fenster
                                          Marc A. Fenster
                                          Attorneys for Plaintiff
                                          Rapid Funk, LLC